# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER E. BOZEMAN, SR.,
   Appellant,

    v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBER
AT-4324-15-0723-I-1

DATE: February 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher E. Bozeman, Sr., Birmingham, Alabama, pro se.

Margaret L. Baskette, Esquire, Tampa, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal on the merits. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant is a preference-eligible veteran.  Initial Appeal File (IAF), Tab 8 at 19.  He served in two temporary appointments for the agency as a PS-06 Mail Processing Clerk, the first from February 18 to April 30, 2013, and the second from November 16, 2013 to January 9, 2014.  *Id*. at 19-21, 25-26.  The agency reappointed the appellant to a temporary position on January 11, 2014, and, on September 20, 2014, the agency converted him to a career appointment as a Mail Processing Clerk.  *Id*. at 27, 39.

¶3        Meanwhile, the appellant filed a Veterans Employment Opportunities Act of 1998 (VEOA) complaint with the Department of Labor and, after the complaint was closed without taking corrective action, the appellant filed a Board appeal. *Bozeman v. U.S. Postal Service*, MSPB Docket No. AT-3330-15-0552-I-1, Initial Appeal File, Tab 1, Tab 8 at 8-9, 11-12.  The administrative judge issued an initial decision dismissing the VEOA appeal as untimely filed.  *Bozeman v. U.S. Postal Service*, MSPB Docket No. AT-3330-15-0552-I-1, Initial Decision (July 28, 2015).  Neither party filed a petition for review, and the initial decision became final.  *See* 5 C.F.R. § 1201.113.

¶4      However, the administrative judge found that the appellant may have also been attempting to raise a USERRA claim, and he docketed the instant appeal separately to address it.  IAF, Tab 1 at 2 n.1.  The administrative judge issued an acknowledgment order, informing the appellant of his burden of proof in a USERRA appeal and directing him to file evidence and argument on the issue.  IAF, Tab 3.   The appellant responded, arguing that, although the agency eventually appointed him to a career position, it should have done so much earlier, i.e., during his first temporary appointment.  IAF, Tab 7 at 4.  He alleged that the agency converted other Clerk craft employees to career positions during his first temporary appointment, but failed to extend that same benefit to him despite him being a veteran.  *Id*.  The appellant did not request a hearing, and the administrative judge issued a close of the record order advising the appellant of his burden on the merits.  IAF, Tab 11.  The agency responded to the close of the record order, IAF, Tab 12, but the appellant did not.

¶5      After the close of the record, the administrative judge issued an initial decision denying the appellant's request for corrective action.   IAF, Tab 13, Initial Decision (ID).  He found that the appellant failed to raise an inference of anti-military animus and that the agency presented unrebutted evidence that the timing of the appellant's career appointment was dictated by a collective bargaining agreement.  ID at 4 & n.1.

¶6      The appellant has filed a petition for review, explaining that a union official and various other agency employees told him that his rights as a veteran had been violated, that he is unclear about the benefits to which he is entitled as an agency employee, and that he did not realize that he should have made an additional filing after the close of the record order.  Petition for Review (PFR) File, Tab 1 at 4.  The agency has filed a response, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

¶7      To prevail on the merits of a USERRA appeal under 38 U.S.C. § 4311, an appellant must prove by preponderant evidence that:  (1) he performed duty or

has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him employment, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service, i.e., that the appellant's uniformed service was a "substantial or motivating factor" in the agency's action. The agency may defend by showing that it would have taken the same action even in the absence of the improper motivation. *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001); *McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 19 (2013).

¶8        For the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not show that the agency's failure to appoint him to a career position any earlier was due to his performance of duty or obligation to perform duty in the uniformed service. ID at 4; IAF, Tab 7. We also agree with the administrative judge that the agency showed that it had a legitimate, nondiscriminatory reason for waiting to award him a career appointment. ID at 4 n.1. Specifically, the collectively bargained seniority rules provide that employees in the temporary workforce receive priority for career appointments based on seniority, and there were several more senior temporary employees at the appellant's facility who received career appointments ahead of the appellant before a career position opened up for him. IAF Tab 10 at 10-12, 28, 34-46, 50-54, 58-62.

¶9        We understand that the appellant is not familiar with Board practices and procedures. PFR File, Tab 1 at 4, Tab 4 at 4. However, we find that the administrative judge fully informed him of what he needed to show in order to prove his USERRA claim and of the deadline for doing so. IAF, Tab 11. In any event, as explained below, the appellant has not offered any evidence or argument on review that would warrant a change in the outcome of the appeal.

¶10        To the extent that the appellant is arguing on review that the agency violated his veterans' preference rights by not placing him ahead of nonveterans on the seniority list, PFR File, Tabs 1, 4, we find that the Board lacks jurisdiction

to hear veterans' preference claims under USERRA, *see Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 16 (2007); *Gaston v. Peace Corps*, 100 M.S.P.R. 411, ¶ 7 (2005); *see also Metzenbaum v. Department of Justice*, 82 M.S.P.R. 700, ¶ 5 (1999) (explaining that the Board's jurisdiction in a USERRA appeal is limited to the issue of whether the agency violated USERRA).  To the extent that the appellant is arguing that the agency treated him less favorably than similarly situated nonveterans, PFR File, Tabs 1, 4, we find that the other individuals who received career appointments first were more senior to the appellant and therefore were not similarly situated to him for purposes of career appointment, *cf. Martir v. Department of the Navy*, 81 M.S.P.R. 421, ¶ 9 (1999) (finding that the appellant made a nonfrivolous allegation of jurisdiction under USERRA by alleging that he was a veteran, the agency denied him permanent employment in any of four vacant positions, and the agency offered permanent appointments to these positions to similarly situated nonveterans).  Furthermore, even if the agency erred as a matter of law by failing to apply veterans' preference to the appellant's seniority standing, there is still no evidence that the appellant's uniformed service was a substantial or motivating factor in the agency's actions.[2]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[2] We do not reach the issue of whether the agency actually violated the appellant's veterans' preference rights.  That issue was for the appellant's VEOA appeal, in which there is already a final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.